IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GMAC BANK, a Utah Industrial Bank | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| HTFC CORPORATION, | : | |
| Defendant. | : | No. |

## COMPLAINT

### Parties

1.  Plaintiff, GMAC Bank, a Utah Industrial Bank is an industrial loan corporation, organized and existing under the laws of the State of Utah, with its principal place of business located at 100 Witmer Road, Horsham, Pennsylvania 19004.

2.  On or about November 21, 2006, GMAC Bank, a Utah Industrial Bank, acquired the assets and liabilities of GMAC Bank, a federally chartered bank ("GMACB"), with it's principal place of business located at 100 Witmer Road, Horsham, PA 19004.

3.  HTFC Corporation ("HTFC") is a corporation, organized and existing under the laws of the State of New York, with its principal place of business located at 400 Garden City Plaza, Suite 420, Garden City, New York 11530.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims of GMACB occurred in this district.

6. Venue in this Court is also proper because HTFC expressly consented to venue in any State or Federal Court located within the Commonwealth of Pennsylvania pursuant to its Correspondent Agreements with GMACB.

## Factual Background

7. GMACB is engaged, among other things, in the business of purchasing residential mortgage loans.

8. HTFC is engaged, among other things, in the business of originating, processing, closing, underwriting and selling residential mortgage loans.

9. On or about April 4, 2003, HTFC entered into a Correspondent Agreement with GMACB which set forth the terms and conditions for sales to GMACB of residential mortgage loans from HTFC. A copy of the Correspondent Agreement is attached hereto and designated Exhibit "A".

10. On or about October 10, 2005, HTFC entered into a Revised Correspondent Agreement with GMACB. A copy of the Revised Agreement is attached hereto and designated Exhibit "B".

11. The Correspondent Agreement and Revised Correspondent Agreement (collectively "Correspondent Agreements"), incorporate the terms and conditions of

GMACB's Correspondent Manual ("Manual"). A copy of relevant portions of the Manual is attached hereto and designated Exhibit "C".

12. In the Correspondent Agreements and the Manual (collectively the "Contract"), HTFC represented and warranted, <u>inter alia</u>, that the loans it sold to GMACB were of investment quality, had been prudently originated, and had been properly underwritten.

13. In the Contract, HTFC also represented and warranted that all loan documents submitted by HTFC to GMACB were complete, accurate, and would remain complete and accurate throughout the term of each purchased loan. For instance, HTFC warranted that "[a]ll . . . credit and employment information, asset information . . . property appraisal, and other statements of fact contained in and associated with . . . [a] loan transaction are complete, accurate, true, correct, and genuine, in all material respects."

14. Pursuant to Section XIV.a of the Manual, upon receiving notice from GMACB that it failed to conform to a representation or warranty, must repurchase the loan as follows:

> "GMAC Bank (GMACB) may give Correspondent [HTFC] written notice as to any loan purchased pursuant to the terms of this Correspondent Manual or the Correspondent Agreement, which GMACB discovers and deems, in its sole discretion, to fail to conform with each and every requirement, representation and warranty of the Correspondent Agreement and the Correspondent Manual. Correspondent shall have ten (10) days after receipt of such notice from GMACB to cure any defect. If any such defect is not cured within ten (10) days, Correspondent shall repurchase the loan and its servicing at the terms and price set forth herein."

15. Section XIV.a of the Manual also provides that:

> "[t]he repurchase amount to be paid to GMACB under all circumstances shall include: The greater of either the original purchase price or par (if GMACB is the investor) or the remaining principle balance (if resold), plus any accrued interest, late charges, escrow deficiencies, servicing premium, and any other GMACB costs, administrative fees, expenses, attorneys' fees for in-house and outside counsel and any other amounts which relate to or be associated with the loan or loan repurchase."

16. On August 1, 2006, GMACB wrote to HTFC demanding that HTFC repurchase 27 residential mortgage loans ("nonconforming loans") pursuant to the terms of the Contract. In attachments to the August 1, 2006 letter, GMACB identified reasons for the repurchase demand as to each of the 27 nonconforming loans including, inter alia, breaches of representations and warranties by HTFC in the form of materially overstated appraisals, incomplete appraisals, misrepresentations of "comparable" properties and misrepresentations of loan to value ratios. A copy of the August 1, 2006 letter, together with attachments sent to HTFC, is attached hereto and designated Exhibit "D".

17. As of August 1, 2006, the estimated amount due on the aforementioned 27 nonconforming loans was $15,522,610.85.

18. In the August 1, 2006 letter, GMACB advised HTFC that "[i]f you have any information/documentation to mitigate these findings, please send me a written response addressing ALL of the notes issue. If you do not respond within 10 business days from the date of this letter, we will assume that you agree with and/or accept the basis for repurchase and will proceed with the repurchase."

19.  On August 2, 2006, Aaron Wider, Chief Executive Officer of HTFC, wrote to GMACB, but did not provide any information or documentation to rebut the factual basis for repurchase demands described in GMACB's letter of August 1, 2006. A copy of the August 2, 2006 letter is attached hereto and designated Exhibit "E".

## COUNT I

### Breach of Contract

20.  GMACB realleges Paragraphs 1 through 18 as if fully set forth herein.

21.  HTFC has a contractual duty to sell loans to GMACB consistent with the terms and conditions of the Contract.

22.  HTFC breached the Contract with GMACB when it misrepresented material facts concerning the 27 nonconforming loans.

23.  HTFC has a contractual duty to repurchase the 27 nonconforming loans.

24.  HTFC's refusal to repurchase the 27 nonconforming consttitutes a breach of the Contract.

25.  As a consequence of HTFC's breach of Contract, GMACB, as of approximately August 2006, is entitled to contract damages estimated at $15,522,610.85, together with costs, disbursements and attorneys' fees.

## COUNT II

### INDEMNITY

26.  GMACB realleges Paragraphs 1 through 25 as if fully set forth herein.

27.  The "Indemnification and Repurchase" section of the Correspondent Agreements and the Indemnification section of the Manual provides that HTFC must indemnify GMACB and hold it harmless against all court costs, attorneys' fees and any

other costs, fees, and other expenses incurred by GMACB in enforcing the terms of the Contract.

**WHEREFORE**, GMACB respectfully prays for judgment against HTFC as follows:

A. Awarding damages in favor of GMACB and against HTFC in an amount estimated to be $15,522,610.85, and to be finally established at trial;

B. Awarding attorneys' fees, costs and disbursements payable to GMACB by HTFC as provided by the Contract;

C. Awarding GMACB pre-judgment interest; and

D. Awarding such other relief as the Court deems necessary, just and equitable.

Dated:   December 4, 2006            KLEINBARD BELL & BRECKER LLP

                                     By: _____
                                     ROBERT B. BODZIN, #31323
                                     MARY J. WALK, #84346
                                     1900 Market Street, 7th Floor
                                     Philadelphia, PA  19103
                                     (215) 568-2000
                                     ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

FELHABER, LARSON, FENLON & VOGT, P.A.
JAMES W. RUDE, #94171
DONALD G. HEEMAN, #286023
RYAN A. OLSON, #340935
220 South Sixth Street, Suite 2200
Minneapolis, MN  55402-4504
(612) 339-6321