```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```
_____

```
GMAC BANK,                      :    CIVIL ACTION
                                :    NO. 06-5291
          Plaintiff,            :
                                :
     v.                         :
                                :
                                :
HTFC CORP.,                     :
                                :
          Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        November 1, 2007

I.   BACKGROUND

Plaintiff GMAC Bank administers residential mortgage loans, and Defendant HTFC Corp. sells residential mortgage loans to lenders, such as GMAC.  GMAC and HTFC entered into a contract for the sale of certain loans.  GMAC claims that HTFC breached the contract by selling it loans that were improperly underwritten and not investment quality, and refusing to repurchase the deficient loans, as required by the contract.

HTFC now seeks to amend its answer in order to add a counterclaim.  The proposed counterclaim alleges that GMAC improperly serviced certain loans to HTFC's clients, knowing that the loans had been obtained pursuant to contractual agreements between the clients and HTFC.  HTFC alleges that GMAC improperly serviced the loans by, inter alia, sending falsely post-dated statements to HTFC's clients and assessing late fees for those

statements.  HTFC further alleges that such improper servicing
was done wilfully by GMAC in an effort to tortiously interfere
with the contracts between HTFC and its clients.

II.  DISCUSSION

   A.  <u>Legal Standard</u>

      When a party fails to include a counterclaim in a
pleading by "oversight, inadvertence, or excusable neglect" or
"when justice requires," that party may "by leave of court set up
the counterclaim by amendment."  Fed. R. Civ. P. 13(f).  Leave to
amend pleadings "shall be given freely when justice so requires."
Fed. R. Civ. P. 15(a).

      Courts in this district have given content to the
standard under Rules 13 and 15 by considering "whether the
pleader has acted in good faith and will not cause any undue
delay in filing the counterclaim, whether there is any undue
prejudice to the non-moving party and whether the claim is
meritorious . . . applying the standards of Rule 12(b)(6)."  <u>Fort
Wash. Res., Inc. v. Tannen</u>, 153 F.R.D. 565, 566 (E.D. Pa. 1994);
<u>Fidelity Fed. Sav. & Loan Ass'n v. Felicetti</u>, 149 F.R.D. 83, 85
(E.D. Pa. 1993).  In addition, "[w]hen claims are compulsory
under Fed. R. Civ. P. 13(a), the argument for allowing amendment
is especially compelling . . . because an omitted compulsory
counterclaim cannot be asserted in subsequent cases."  <u>Perfect</u>

Plastics Indus., Inc. v. Cars & Concepts, Inc., 758 F. Supp.
1080, 1082 (W.D. Pa. 1991).


      B.   Nature of the Counterclaim

        For a claim to qualify as a compulsory counterclaim:

> [T]here need not be precise identity of issues and
> facts between the claim and the counterclaim; rather,
> the relevant inquiry is whether the counterclaim bears
> a logical relationship to an opposing party's claim.
> The concept of a "logical relationship" has been viewed
> liberally to promote judicial economy.  Thus, a logical
> relationship between claims exists where separate
> trials on each of the claims would involve a
> substantial duplication of effort and time by the
> parties and the courts.  Such a duplication is likely
> to occur when claims involve the same factual issues,
> the same factual and legal issues, or are offshoots of
> the same basic controversy between the parties.

Transamerica Occidental Life Ins. Co. v. Aviation Office of Am.,
292 F.3d 384, 389-90 (3d Cir. 2002) (quotations omitted).

        Here, GMAC and HTFC had a contract whereby HTFC would
sell its clients' loans to GMAC, and GMAC would service the
clients by administering those loans.  GMAC's claim alleges that
HTFC improperly sold certain loans in breach of the contract, and
HTFC's counterclaim alleges that GMAC improperly administered
certain loans in an effort to interfere with HTFC's contracts
with its clients.  Therefore, although there is not a precise
identity of issues between the claims, both arise out of the same
contractual relationship and will substantially overlap in the
proof they require.  Under these circumstances, the proposed

counterclaim is compulsory, and the amendment should be allowed unless it is futile or GMAC has been prejudiced by some dilatory or other improper conduct by HTFC.

    C.   <u>Futility</u>

      GMAC argues that HTFC's proposed counterclaim is futile because it fails to state a claim upon which relief can be granted.  The elements of tortious interference with contract under Pennsylvania law are 1) the existence of a contract, 2) the intent to harm the claimant by interfering with its contractual relations, 3) impropriety of the interference, and 4) harm resulting from the conduct.  <u>InterVest, Inc. v. Bloomberg, L.P.</u>, 340 F.3d 144, 168 (3d Cir. 2003).

      GMAC first contends that HTFC has failed to allege any intentional action by GMAC, asserting instead that the conduct alleged rises only to the level of negligence.  GMAC is incorrect.  HTFC specifically alleges that GMAC "made knowingly [certain] false representations to interfere with the contractual relationships between HTFC and its lenders," and that the "tortious interference was willful . . . as [GMAC] intended that said lenders would . . . terminate their . . . agreements with HTFC" (doc. no. 25-3, ¶¶ 23, 26).

      GMAC next argues that the interference alleged was not improper, but rather the assertion in good faith of a right under

the contract.  HTFC, however, tells a different story, alleging false post-dating of reports and other conduct not permitted by the contract (doc. no. 25-3, ¶¶ 21-23).  Because the Court must accept HTFC's allegations as true at this stage of the proceedings, GMAC's assertion of good faith compliance cannot defeat HTFC's claim at this point.

Finally, HTFC has adequately alleged the existence of contracts between HTFC and its clients, id. ¶ 6, and harm resulting from the interference, id. ¶¶ 24-25.  Therefore, HTFC's proposed counterclaim cannot be dismissed as futile.

D.   Other Considerations

GMAC also argues that leave to amend should be denied because HTFC has unduly delayed asserting the counterclaim. Specifically, HTFC was aware of the facts underlying its counterclaim allegations well before filing its answer.  GMAC contends that it would be prejudiced by the delay because it will be forced to incur additional defense costs and take additional discovery, such as re-deposing certain key witnesses.

The Court agrees that HTFC's assertion of the counterclaim was delayed.  Moreover, GMAC appears to be correct in its contention that all the relevant facts were known to HTFC prior to the filing of the answer.  Delay alone, however, ordinarily will not defeat a motion to amend.  Prejudice to the

5

party opposing the motion must also be shown.  See Edwards v.
Storage Tech. Corp., No. Civ. A. 97-5427, 1999 WL 33505545, at *2
(E.D. Pa. Mar. 1, 1999) ("[T]he court should be hesitant to deny
amendment, even at a later stage of the litigation, when no such
prejudice has been demonstrated.").  In this case, discovery has
not yet concluded, as the parties jointly stipulated to extend
discovery until November 26, 2007 (docs. no. 10, 26).  Other than
additional expense, GMAC has not pointed to any prejudice which
it will sustain as a result of having to defend against the
counterclaim.  In that regard, to the extent that certain
witnesses will need to be re-deposed, resulting in additional
expense to GMAC, GMAC may apply at the conclusion of the
proceedings for cost shifting of attorney's fees spent, if any,
in undertaking duplicative discovery.


III. CONCLUSION

        For the foregoing reasons, Defendant's motion for leave
to amend the answer to add a counterclaim (doc. no. 25) will be
granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GMAC BANK, | : | CIVIL ACTION |
| | : | NO. 06-5291 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HTFC CORP., | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

      **AND NOW**, this **1st** day of **November, 2007,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendant's motion for leave to file an amended answer (doc. no. 25) is **GRANTED**.  Defendant shall file an amended answer by **November 15, 2007**.  Any amendment of the answer shall be limited to the addition of Defendant's proposed counterclaim.

      **AND IT IS SO ORDERED.**

                          **S/Eduardo C. Robreno**
                          **EDUARDO C. ROBRENO, J.**