## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GMAC BANK, a Utah Industrial Bank    :        CIVIL ACTION  
                     :  
           Plaintiff,           :  
                     :  
    vs.                   :  
                     :  
HTFC CORPORATION,        :  
                     :  
           Defendant.    :        No.  06-5291

## PLAINTIFF, GMAC BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE DEPOSITION OF AARON WIDER

### I.    INTRODUCTION

Plaintiff,  GMAC Bank, a Utah Industrial Bank ("GMAC Bank"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion pursuant to Federal Rules of Civil Procedure 30 and 37, for an Order: (1) compelling Aaron Wider ("Wider"), Chief  Executive Officer and sole shareholder of Defendant, HTFC Corporation ("HTFC") to appear for a deposition to fully answer the questions he improperly refused to answer and/or provided evasive or incomplete answers to at his previous deposition; (2) requiring HTFC to pay the expenses incurred by GMAC in taking the previous deposition and making this Motion, including its reasonable attorney's fees and costs; and (3) ordering that judgment will be entered against HTFC as to both GMAC Bank's Complaint and HTFC's Counterclaim in the event that HTFC refuses to comply with the Order compelling Wider to fully and completely answer the questions he improperly refused to answer and/or provided evasive or incomplete answers to at his previous deposition.

II.    **FACTS**

On September 26, 2007 and November 8, 2007, counsel for GMAC Bank attempted to conduct the deposition of Wider. Throughout the course of Wider's deposition, he repeatedly used profanity, improperly refused to answer questions asked by GMAC Bank's counsel and/or provided evasive and incomplete answers. In fact, there were several occasions when HTFC's own counsel instructed Wider that he could answer questions posed by GMAC's counsel, yet he refused. Wider was also disrespectful and rude to others in the room through his threatening and abusive demeanor and his frequent use of profanity. Wider's behavior and continued use of profanity ultimately became so outrageous that it made the court reporter uncomfortable and GMAC Bank's counsel suspended the deposition. (See Exhibit "A" with portions of the Deposition of Aaron Wider dated September 26, 2007 and November 8, 2007 ("Wider Dep."), pp. 405 - p. 439, which caused counsel for GMAC Bank to adjourn the deposition.)

Wider refused to answer questions that go to the very core of GMAC's claims and HTFC's counterclaims. For example, one basis for GMAC's demand that HTFC repurchase loans previously sold to GMAC is that the loans were not the result of arms-length transactions. Wider simply refused to answer any questions regarding these loans. (See e.g. Exhibit "B" Wider Dep. p. 12, line 4 – p. 16, line 25; p. 26, line 2 - p. 30 – line 25; p. 64, line 3 – p. 69, line 7; p. 70, line 9 – p. 71, line 22; p. 93, line 5 – p. 98, line 20; and p. 250, line 21 – p. 259, line 3.)

Likewise, in its counterclaim, HTFC claims that it was unable to sell loans it had originated into the secondary market because of harm to its reputation allegedly caused by GMAC. However, when questioned as to what institutions HTFC attempted to place the loans in question, Wider refused to answer. (See e.g. Exhibit "C" Wider Dep. p. 359, line 13 – p. 372, line 9.)

## III.    ARGUMENT

### A. GMAC Bank is Entitled to an Order Compelling Aaron Wider's Deposition

GMAC is entitled to an Order compelling the deposition of Aaron Wider and compelling him to answer the questions he improperly refused to answer and/or provided evasive and incomplete answers to at this previous depositions.  The Federal Rules give a party the right to make a motion to compel a deposition  when the deponent: 1) refuses to answer questions or provides evasive or incomplete answers during the deposition;  or 2) acts in bad faith or in such a manner as unreasonably to annoy embarrass, or oppress the moving party during the deposition.  See F.R.C.P. 37(a)(2); F.R.C.P. 30(d)(4)[1]; Hearst/ABC –Viacom Entertainment Servs. v. Goodway Mktg., Inc., 145 F.R.D. 59, 63 (E.D. Pa. 1992) (holding that a motion to compel may be filed when a witness improperly refuses to answer deposition questions).

As the portions of Wider's deposition transcript attached hereto as exhibits to this Motion plainly demonstrate, Wider inappropriately and repeatedly used profanity, refused to answer questions asked by GMAC Bank's counsel, and/or provided evasive or incomplete answers and his outrageous behavior ultimately required GMAC Bank's counsel to suspend the deposition.  For these reasons, GMAC Bank is entitled to an Order compelling Wider to appear for another deposition and provide complete and meaningful responses to the questions asked of him.

---

[1] Rule 30(d)(4) provides that "[a]t any time during a deposition, on motion of a party . . . and upon a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy embarrass, or oppress the deponent or party . . . the taking of the deposition must be suspended for the time necessary to make a motion for an order.  The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**B.  GMAC Bank is Entitled to its Attorney's Fees and Costs**

GMAC Bank is also entitled to the attorney's fees and costs it incurred in taking Aaron

Wider's previous depositions as well as making this motion.  F.R.C.P. 37(a)(4) provides:

> If the motion is granted . . . the court shall, after affording an
> opportunity to be heard, require the party or deponent whose
> conduct necessitated the motion . . . to pay to the moving party the
> reasonable expenses incurred in making the motion, including
> attorney's fees, unless the court finds that the motion was filed
> without the movant's first making a good faith effort to obtain the
> disclosure or discovery without court action, or that the opposing
> party's nondisclosure, response, or objection was substantially
> justified, or that other circumstances make an award of expenses
> unjust.

F.R.C.P. 37(a)(4)(A).

The provisions of F.R.C.P. 37(a)(4) also apply to an award of expenses incurred in

relation to bringing a motion to compel when a party is forced to suspend a deposition due to

another party's bad faith or intent to unreasonably annoy, embarrass, or oppress the moving

party.  See  F.R.C.P. 30(d)(4); Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc., 233

F.R.D. 648, 653 (C.D. Cal. 2006); Higginbotham v. KCS Intern., Inc., 2002 F.R.D. 444, 458 -

459 (D. Md. 2001); Oleson v. Kmart Corp., 175 F.R.D. 570, 573 (D. Kan. 1997).

An award of expenses pursuant to F.R.C.P. 37(a)(4) is mandatory unless  the either the

movant failed to confer with the respondent in good faith prior to filing the motion or the losing

party is able to demonstrate that its conduct was "substantially justified."  See Australian Gold,

Inc. v. Hatfield, 436 F.3d 1228, 1244 (10th Cir. 2006).

In this case, GMAC Bank's counsel has made a good faith effort to resolve the disputes

at issue in this motion.  Further, as even a cursory review of Wider's deposition transcript

demonstrates, Wider's behavior was so outrageous that there can be no "substantial justification"

for his actions. As such, GMAC Bank is entitled to the attorney's fees and costs that it incurred in taking the deposition and bringing this Motion.

**C.     GMAC Bank is Entitled to Judgment Against HTFC in the Event That it Refuses to Comply With the Court's Order Compelling the Deposition**

In the event HTFC refuses to comply with the Court's Order compelling Mr. Wider's Deposition, the Court has broad discretion pursuant to Rule 37(b) to impose any sanctions that it deems to be appropriate, including rendering judgment against the disobedient party. See Rule 37(b)(2)(C). Rule 37(a)(3) provides that an evasive or incomplete answer is to be treated as a failure to answer or disclose, which results in a judgment in favor of the moving party. See Dotson v. Bravo, 321 F.3d 663, 667 (7th Cir. 2003) (holding that evasive or incomplete answers can support dismissal of the entire action); International Broth. of Elect. Workers, Local Union 545 v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004). Because of the outrageous nature of Wider's conduct at his deposition, GMAC Bank should be entitled to the entry of judgment against HTFC as to both GMAC Bank's Complaint and HTFC's Counterclaim if HTFC and Wider fail to comply with the Court's Order compelling Wider's deposition.

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff GMAC Bank, A Utah Industrial Bank, respectfully requests that this Court grant its Motion to Compel the Deposition of Aaron Wider and any further relief deemed just and appropriate by the Court.


Dated:    November 28, 2007          KLEINBARD BELL & BRECKER LLP

                                     By:_____/s/_____
                                          ROBERT B. BODZIN, #31323
                                          MELISSA C. PRINCE, #92553
                                          One Liberty Place, 46th Floor
                                          1650 Market Street
                                          Philadelphia, PA  19103
                                          (215) 568-2000

                                          Attorneys for Plaintiff, GMAC Bank,
                                          A Utah Industrial Bank

OF COUNSEL:
FELHABER, LARSON, FENLON & VOGT, P.A.
JAMES W. RUDE, #94171
DONALD G. HEEMAN, #286023
RYAN A. OLSON, #340935
220 South Sixth Street, Suite 2200
Minneapolis, MN  55402-4504
(612) 339-6321

{00188681;v2}                          6

**IN THE UNITED STATES DISTRICT OURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GMAC BANK, a Utah Industrial Bank | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| HTFC CORPORATION, | : | |
| | : | |
| Defendant. | : | No. 06-5291 |

## CERTIFICATE OF SERVICE

I, MELISSA C. PRINCE, hereby certify that on the 28th day of November 2007, a true and correct copy of the foregoing Motion to Compel the Deposition of Aaron Wider and accompanying Memorandum of Law have been filed electronically and are available for viewing and downloading from the ECF system. I further certify that I caused a true and correct copy of the same to be served upon the following counsel via electronic filing:

Joseph R. Ziccardi, Esquire
Ziccardi Law Offices
20 North Clark Street, Suite 1100
Chicago, Illinois 60602

Daniel S. Strick, Esquire
Lucas and Cavalier, LLC
1601 Market Street, Suite 2230
Philadelphia, PA 19103

KLEINBARD BELL & BRECKER LLP

By:_____/s/_____
MELISSA C. PRINCE
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 568-2000

{00188404;v2}