IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GMAC BANK, a Utah Industrial Bank, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   06 CV 5291 |
| | ) | |
| HTFC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HTFC CORPORATION'S RESPONSE TO PLANTIFF'S
MOTION COMPEL THE DEPOSITION OF AARON WIDER**

The Defendant, HTFC Corporation by and through its attorneys, Ziccardi Law Offices and Lucas & Cavalier, for its Response to Plaintiff's Motion to Compel the Deposition of Aaron Wider, states as follows:

**INTRODUCTION**

On September 26, 2007, and on November 8, 2007, Aaron Wider ("Wider"), president of Defendant HTFC Corporation ("HTFC"), appeared for his deposition pursuant to a notice issued by counsel for GMAC Bank ("GMAC").  Throughout the deposition, counsel for GMAC Bank attempted to elicit information regarding Wider's personal assets, the Wider family trusts and information concerning businesses owned by Wider that are separate and distinct from HTFC. Wider objected to responding to such questions on the basis that the information was not germane to the issues of this case.  GMAC Bank has now filed a Motion to Compel Wider to provide answers to questions concerning this irrelevant information in yet another deposition.

Aaron Wider is not a party to this lawsuit, his personal assets and/or his affiliation or ownership of businesses is inappropriate and immaterial in this case.  GMAC Bank initiated this

cause of action against HTFC Corporation and therefore, the focus of its discovery deposition should be on HTFC and its sale of the subject loans to GMAC Bank.

## ARGUMENT

**I.  GMAC IS NOT ENTITLED TO AN ORDER COMPELLING AARON WIDER'S DEPOSITION.**

The focus of GMAC's discovery should be geared toward the issues raised in its complaint and that of the counterclaim. Wider should not be compelled to submit to another deposition in order to provide GMAC with information that is beyond the scope of this litigation. To do so would force Wider to unnecessarily divulge confidential proprietary information of his businesses, and information relating to his personal and family assets. In light of recent media attention concerning this lawsuit, Wider's personal and proprietary information should not be made part of a public record especially when he is not a named defendant in this lawsuit.

**A. The Information Sought By GMAC's Motion Is Irrelevant as Wider Is Not a party to this Action.**

Aaron Wider appeared for the depositions on September 26, 2007 and November 8, 2007 in his capacity as president of HTFC. Notwithstanding his appearance on behalf of HTFC, GMAC's counsel posed questions regarding the Wider Family Trust, Wider's personal assets and his other business interests. Specifically, plaintiff's counsel inquired into the identity of the trustees and beneficiaries of the Wider Family Trust (see Plaintiff's Exhibit B, p. 14, l. 2). GMAC's counsel also asked if Wider is a shareholder in the GCF Development Corporation, a holding company for various assets, and asked the purpose and function of GCF (see Plaintiff's Exhibit B, p. 26, l. 2). There were also questions regarding the various properties owned by Wider.

Wider is not a named party in the Complaint or the Counterclaim. The Wider Family Trust, Wider's interest in GCF or other business entities, and the number of properties he owns is not the subject of this litigation. None of this information serves to shed any light on the issues concerning the correspondent agreement between GMAC and HTFC, the breach of contract claim alleged by GMAC or GMAC's purchase of the subject loans. Understandably, Wider was upset at this intrusion into his private affairs, especially what he deemed to be the prying into the recent death of his father, and he responded in kind, although admittedly some of his language may have been somewhat harsh at times.

Notwithstanding Wider's colorful language, the crux of plaintiff's motion is that the information is not relevant to the issues in this case. Plaintiff has alleged one count for breach of contract in its complaint. The issue is whether or not HTFC breached the terms of that contract by failing to repurchase loans HTFC sold to GMAC. Plaintiff attempts to sidestep this flaw by asserting that one basis for the repurchase demands is that the loans were non-arm's length transactions. Such allegations, however, do not give the plaintiff *carte blanche* into Wider's personal assets, his health or other personal information. Accordingly, since the information plaintiff seeks is irrelevant to the issues in this case, GMAC's Motion to Compel should be denied.

B.   **GMAC Seeks the Confidential and Proprietary Information of HTFC.**

Assuming *arguendo* that this Court finds that the information sought by is relevant to the issues in this case, information relating to the business plan, methods and operations of HTFC, the purpose and function of such operations, and other business information is confidential and proprietary, which in large part resulted in the responses that Wider provided during his

deposition, as he should not be compelled to divulge confidential and proprietary information.[1] Absent the entry of the protective order, this information would become part of the record which could be made available to anyone who may use the information in a manner that could negatively affect these Wider's business interests.

Wider's concerns are further highlighted by the recent media coverage of this lawsuit. On November 17, 2007, this lawsuit was the subject of two articles published in *Newsday*. Wider was personally named in the stories and they portrayed him in a negative light. The stories contained information obtained from an unknown source, although some of the information was non-public information and could not have been obtained from public records. Given the media interest in this case, HTFC's confidential and proprietary business information, as well as any personal information regarding Wider, should be kept confidential and out of the public record. Accordingly, if this Court determines that the information sought by plaintiff is relevant, then HTFC requests that it be disclosed only after entry of the protective order attached to HTFC's motion for entry of said order.

---

[1] Simultaneous with this filing, HTFC has filed a Motion for a protective order covering the confidential and proprietary information relating to HTFC.

WHEREFORE, the Defendant, HTFC Corporation, respectfully requests that this Honorable Court enter an Order: a) denying GMAC Bank's Motion to Compel, or b) if this Court compels said deposition testimony, making the disclosure of such information pursuant to an applicable protective order.

                                  Respectfully submitted,

By:   */s/ Daniel S. Strick*
      Joseph R. Ziccardi, Esq.
      **ZICCARDI LAW OFFICES**
      20 North Clark Street
      Suite 1100
      Chicago, Illinois 60602
      (312) 372-3477

      Robert Cavalier, Esq.
      Daniel Strick, Esq.
      **LUCAS AND CAVALIER, LLC**
      1601 Market Square
      Suite 2230
      Philadelphia, PA 19103
      (215) 751-9192